NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 2 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CAPAY, INC., DBA Farm Fresh To You, | No.    16-70699 |
| Petitioner, | NLRB No.   20-CA-166233 |
| v. | |
| NATIONAL LABOR RELATIONS BOARD, | MEMORANDUM* |
| Respondent, | |
| BAKERY, CONFECTIONERY, TOBACCO WORKERS & GRAIN MILLERS UNION LOCAL 85, | |
| Respondent-Intervenor. | |
| NATIONAL LABOR RELATIONS BOARD, | No.    16-71001 |
| Petitioner, | NLRB No.   20-CA-166233 |
| BAKERY, CONFECTIONERY, TOBACCO WORKERS & GRAIN MILLERS UNION LOCAL 85, | |
| Intervenor, | |
| v. | |

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

CAPAY, INC., DBA Farm Fresh To You,

Respondent.

On Petition for Review of an Order of the
National Labor Relations Board

Argued and Submitted October 16, 2017
San Francisco, California

Before: HAWKINS and W. FLETCHER, Circuit Judges, and KRONSTADT,[**] District Judge.

Capay, Inc. dba Farm Fresh to You ("Capay") seeks review of a decision of the National Labor Relations Board ("Board"), finding Capay violated Sections 8(a)(5) and (1) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158(a)(5), (1) (2012), by failing and refusing to recognize and bargain with the Bakery, Confectionary, Tobacco Workers & Grain Millers Union Local 85 ("Union") following the Union's certification. The Board cross-petitions for enforcement of its order. We deny Capay's petition for review and grant the Board's cross-application for enforcement.

Capay argues it was not obligated to bargain with the Union because the election establishing the Union's representation of the bargaining unit was tainted by various improprieties. Capay cites its five election objections as presenting

_____

[**] The Honorable John A. Kronstadt, United States District Judge for the Central District of California, sitting by designation.

2

substantial and material factual issues which required the Board to hold an evidentiary hearing.

A "decision not to grant an evidentiary hearing on election objections is reviewed for an abuse of discretion." *NLRB v. Valley Bakery*, 1 F.3d 769, 772 (9th Cir. 1993) (citing *Bell Foundry Co. v. NLRB*, 827 F.2d 1340, 1344 (9th Cir. 1987)). The Board is required to grant an evidentiary hearing only when a party's objections raise "substantial and material factual issues," 29 C.F.R. § 102.69(c) (2017), and the objecting party supplies evidence establishing a prima facie case for disturbing the election results, *Pinetree Transp. Co. v. NLRB*, 686 F.2d 740, 744–45 (9th Cir. 1982).

We lack jurisdiction over Objection 1, which protests the inclusion of four sanitation employees in the bargaining unit. Section 10(f) of the NLRA provides that "[a]ny person *aggrieved* by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order . . . ." 29 U.S.C. § 160(f) (2012) (emphasis added). Reasoning that the Union would prevail regardless of the votes of the four sanitation employees, the Board declined to determine the exact bargaining unit composition in resolving Capay's election objections. Instead, the Board indicated Capay may seek to resolve this issue at a future unit-clarification proceeding. Thus, because the Board's decision and order only requires Capay to bargain with the Union representing the bargaining unit,

which currently does not include the sanitation workers, Capay has not been aggrieved as to Objection 1.

Objections 2–4—which involve the Union's purported home visits, telephone calls, and electioneering outside the election location within twenty-four hours of the election—fail to raise substantial and material factual issues. First, the Union's purported conduct is not proscribed by the Board's "captive audience" rule. Under that rule, employers and unions are "prohibited from making election speeches on company time to massed assemblies of employees within 24 hours before the scheduled time for conducting an election." *Peerless Plywood Co.*, 107 N.L.R.B. 427, 429 (1953). This rule is limited to "one form of electioneering: 'captive audience speeches' made on company time within the twenty-four hour period preceding an election." *US Ecology, Inc. v. NLRB*, 772 F.2d 1478, 1481 (9th Cir. 1985). Here, Capay's objections fail to allege that any of the Union's conduct occurred on company time or included mandatory meetings with employees. Thus, the Union's pre-election conduct occurring within twenty-four hours of the election is not presumptively objectionable under the "captive audience" rule.

Second, the Union's purported conduct is not sufficiently coercive or objectionable to warrant invalidating the election. "[W]hether an election should be invalidated based on alleged misconduct . . . turn[s] on . . . an analysis of the character and circumstances of the alleged objectionable conduct" and whether such

4

conduct "is coercive and has a tendency to affect or interfere with the employees' actions at the polls." *May Dep't Stores Co. v. NLRB*, 707 F.2d 430, 434 (9th Cir. 1983) (quotation marks and citations omitted). This is an objective test. *See NLRB v. Enter. Leasing Co. Se.*, 722 F.3d 609, 619 (4th Cir. 2013). Here, beyond legally insufficient subjective impressions by employees, Capay's allegations and offer of proof do not allege any accompanying conduct by Union representatives that would render the home visits and telephone calls objectionable or coercive. *See, e.g.*, *Melrose-Wakefield Hosp. Ass'n v. NLRB*, 615 F.2d 563, 569 (1st Cir. 1980) (recognizing no need to overturn a regional director's finding that "neither threatening nor coercive" phone calls made to employees constituted objectionable conduct); *Randall Warehouse of Ariz., Inc.*, 328 N.L.R.B. 1034, 1037 (1999) ("Home visits by union representatives . . . are unobjectionable so long as they are unaccompanied by threats or other coercive conduct." (citing *Canton, Carp's, Inc.*, 127 N.L.R.B. 513, 513 n.3 (1960))).

Additionally, Capay did not allege facts that would make the Union's electioneering sufficiently objectionable. When "prolonged conversations between representatives of any party to the election and voters waiting to cast ballots" take place, the Board will order a new election. *Milchem, Inc.*, 170 N.L.R.B. 362, 362 (1968). This inquiry is highly contextualized, but there are a number of factors that guide our decision, including the "nature and extent of the electioneering, whether it

5

happened within a designated 'no electioneering' area, whether it was contrary to the instructions of the Board's election agent, whether a party to the election objected to it, and whether a party to the election engaged in it." *Overnite Transp. Co. v. NLRB*, 140 F.3d 259, 270 (D.C. Cir. 1998). Here, Capay's allegations establish that only one factor—the Union's involvement in the electioneering—was present. This is insufficient to establish that the Union's purported conduct was objectionable. *See, e.g.*, *NLRB v. Hudson Oxygen Therapy Sales Co.*, 764 F.2d 729, 732 (9th Cir. 1985) ("Electioneering that occurs before the polls are open is simply not in violation of the [*Milchem*] rule.").

Objection 5—which involves purported threats by Union representatives that Capay would fire or check the immigration status of employees who voted for the Union—also fails to raise substantial and material factual issues. "Where a free election is rendered impossible by misrepresentation, threats or coercion, the election must be set aside." *NLRB v. Mike Yurosek & Sons, Inc.*, 597 F.2d 661, 663 (9th Cir. 1979) (citations omitted). This objection was supported by one signed employee declaration that alleged the Union representative said Capay "can check [his] [i]mmigration status" and "can fire[] me (or everyone)" if the employee voted against Union representation. These vague allegations are insufficient to support Capay's contention that a free election was rendered impossible. Further, the allegations failed to allege how Capay would be able to determine who to retaliate

6

against for voting for the Union in the secret ballot election. *See Valley Bakery*, 1 F.3d at 773 (holding that a union's similar threats of job loss could have logically affected the election where employees had signed union authorization cards). Finally, these allegations are more akin to campaign propaganda, which is insufficient to warrant a hearing unless the union is alleged to have used forged documents. *See Midland Nat'l Life Ins. Co.*, 263 N.L.R.B. 127, 133 (1982). Capay made no such allegation here.[1]

Capay's objections, even when viewed in the aggregate, fail to raise substantial and material factual issues necessary for a hearing. *See NLRB v. Van Gorp Corp.*, 615 F.2d 759, 765 (8th Cir. 1980) (noting that "a number of insubstantial objections to an election" are insufficient to overturn an election).

Capay's petition for review is **DENIED**, and the Board's cross-application for full enforcement of its order is **GRANTED**.

---

[1] Capay also alleged that the Union promised an ineligible employee $30.00 per hour and a new position if he voted in favor of the Union. The Court lacks jurisdiction for this claim because Capay failed to initially present it to the regional director in its objections. *See* 29 U.S.C. § 160(e) ("No objection that has not been urged before the Board . . . shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.").